**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IPA TECHNOLOGIES INC.,

        Plaintiff,

v.

MICROSOFT CORPORATION,

        Defendant.

C.A. No. 1:18-cv-001-RGA-SRF

**REPLY BRIEF IN SUPPORT OF MOTION TO LIFT STAY OF LITIGATION**

Dated: June 3, 2022

Of Counsel:

Paul J. Skiermont
Sarah E. Spires
Steven W. Hartsell
Jaime K. Olin
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
IPA_SDTeam@skiermontderby.com

Mieke K. Malmberg
SKIERMONT DERBY LLP
800 Wilshire Blvd., Suite 1450
Los Angeles, CA 90017
(213) 788-4500
IPA_SDTeam@skiermontderby.com

BAYARD, P.A.

Stephen B. Brauerman (#4952)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
*IPA Technologies Inc.*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................1

II.  MICROSOFT'S RELIANCE ON THE GOOGLE PROCEEDINGS IS
     MISPLACED....................................................................................................................2

III. THE REMAINING STAY FACTORS DO NOT FAVOR MICROSOFT ...........................4

IV.  CONCLUSION..................................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*California Inst. of Tech. v. Broadcom Ltd.*,
   25 F.4th 976 (Fed. Cir. 2022) .................................................................................................. 2

*Google LLC v. IPA Techs. Inc.*,
   34 F.4th 1081 (Fed. Cir. 2022) ................................................................................................ 2

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. CV 18-452-WCB, 2020 WL 6270776 (D. Del. Oct. 26, 2020) ........................................ 3

*Zoll Med. Corp. v. Respironics, Inc.*,
   No. CV 12-1778-LPS, 2015 WL 4126741 (D. Del. July 8, 2015) ........................................... 3

**STATUTES**

35 U.S.C. § 315(e)(2) ................................................................................................................... 2

Plaintiff IPA Technologies Inc. ("IPA"), pursuant to the Court's January 10, 2020 Order to Stay Case Pending *Inter Partes* Review (D.I. 77) and January 10, 2020 Order Administratively Closing Case (D.I. 78), respectfully submits this Reply in support of its Motion to Lift Stay of Litigation (D.I. 84).

**I.      INTRODUCTION**

Microsoft argues that the present stay should remain in place until remand proceedings in the appeal of certain Google IPR petitions are complete because those proceedings might simplify issues for trial. This is factually incorrect. The outcome of the Google IPR appeal remand proceedings will not simplify the Microsoft case because only one claim from those proceedings overlaps with the present Microsoft case, and IPA already informed Microsoft that it will not assert that lone overlapping claim against Microsoft. Further, the Google IPR remand proceedings concern the prior art status of the Martin reference. But Microsoft is statutorily estopped from asserting patents and printed publications against the '115 and '560 patents. The remainder of Microsoft's simplification arguments are speculative, but courts in this District do not maintain stays based on mere possibilities.

The remaining stay factors likewise support lifting the stay, not maintaining it. Specifically, Microsoft claims that permitting IPA to proceed to prosecute its case against Microsoft now, after agreeing to stay the case and litigating in the PTAB and Federal Circuit for more than three years over the eleven IPR Petitions Microsoft filed against the Cheyer patents— *would unduly prejudice Microsoft*. To recite Microsoft's argument is to refute it. In any event, Microsoft's contention that it will be prejudiced from resuming this litigation after more than three years is misplaced, at least because it ignores that IPA is already seeking to hold Microsoft liable for its customers' infringement.

1

Microsoft had a full opportunity to present its validity case based on patents and printed publications to the PTAB and the Federal Circuit. Dozens of IPA's claims survived. Microsoft's opposition amounts to nothing more than a request for an indefinite, open-ended stay of this litigation to prevent IPA from enforcing its patent rights. The Court should grant IPA's Motion to lift the stay and permit IPA to move forward with prosecuting its case.

## II. MICROSOFT'S RELIANCE ON THE GOOGLE PROCEEDINGS IS MISPLACED

The focus of Microsoft's arguments concern the Federal Circuit's opinion in a proceeding involving a different party – *Google LLC v. IPA Techs. Inc.*, 34 F.4th 1081 (Fed. Cir. 2022) – which issued on May 19, 2022. Microsoft initially argues that the resolution of the Google appeal's remand to the PTAB may impact the prior art status of the Martin reference. (D.I. 85 ("Opp."), 4.) But Microsoft reluctantly acknowledges, as it must, that it is estopped from asserting patents and printed publications in the resumed district court litigation, and this includes the Martin reference. *See* 35 U.S.C. § 315(e)(2); D.I. 84 ("Mot."), 3 (citing *California Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022)); Opp., 5 ("even if Microsoft is estopped from relying on the Martin reference…"). Thus, arguments about the potential prior art status of the Martin reference have no bearing on the infringement allegations against Microsoft concerning the '115 and '560 patents.

Microsoft next asserts there might be some unspecified scenario wherein the Board on remand determines that Dr. Moran invented "some of [the facilitator functionalities] recited in the claims." Though notably, Microsoft does not point to any specific testimony from Dr. Moran in the PTAB proceedings to support its conjecture. (Opp., *passim*.) So, this is rank speculation by a fully estopped defendant—about an argument it did not think was even good enough to advance in any of its own eleven IPR petitions—trying to delay by any means necessary. Courts

2

in this District, however, do not maintain stays based on hypothetical outcomes. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2020 WL 6270776, at *2 (D. Del. Oct. 26, 2020) (Bryson, sitting by designation) (refusing to maintain stay where "**it is possible** that a decision by the Federal Circuit could narrow the case even further; indeed, if the Federal Circuit were to reverse the portions of the PTAB's decisions upholding the validity of the three remaining claims, these cases would evaporate entirely. But, as a statistical matter, the likelihood of that happening is low.") (emphasis added); *Zoll Med. Corp. v. Respironics, Inc.*, No. CV 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015) ("The pendency of an appeal from the IPR, and **the possibility** that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds.") (emphasis added).

Finally, Microsoft argues the Google remand proceedings may result in the Board finding "the remaining '115 and '560 claims patent claims invalid based on the Martin reference." (Opp., 6). However, once the claims held invalid to date by the Board and Federal Circuit are eliminated, only claim 28 of the '560 patent remains both asserted against Microsoft and subject to the Google remand. IPA has already confirmed that it will not assert that claim against Microsoft. *See* Mot., 2 "([IPA] will drop… claim 28 of the '560 patent."; Ex. A.) Thus, there is no overlap in claims between this litigation and the Google remand proceeding. The complexity of this case is now fixed and cannot be reduced by the outcome of the Google remand. This Court should thus grant IPA's Motion, and the case should resume without further delay.

3

### III. THE REMAINING STAY FACTORS DO NOT FAVOR MICROSOFT

Microsoft contends that this case is in the early stages. (Opp., 6.) IPA disagrees for the same reasons outlined in its Motion. (Mot., 4.) This argument should separately be rejected because Microsoft did not articulate any reason for declining to lift the stay here just because litigation tasks remain, particularly given the reason those tasks have not yet been completed is due to the more than three-year stay. Finally, even if a case filed 53 months ago could ever be in its "early stages"—there is no longer any reason to wait for something else before proceeding full speed ahead. *See supra*, Section II.

Microsoft's last argument speculates that "lifting the stay could expose Microsoft and its customers to duplicative litigation." (Opp., 6.) Microsoft's speculation ignores that IPA is suing Microsoft here for its customer's infringement and thus seeks to hold Microsoft liable for its customers' infringement. (*See* D.I. 16, ¶¶216-222, 239-244) (accusing Microsoft of indirect infringement, including based on its customers' infringement.) IPA elected to pursue Microsoft for this infringement when it sued Microsoft in 2018, rather than its customers—and Microsoft has no basis for its assertion that IPA would change course years after the patents expired to separately pursue other third-parties for their use of Cortana that Microsoft encouraged and assisted. Microsoft's failure to identify and articulate a more concrete theory of the risk of potential suits against Microsoft customers indicates that it does not have one because there is none. There is simply no legitimate basis for Microsoft's opposition other than continued and unfounded delay.

### IV. CONCLUSION

IPA is ready to proceed with this case and wishes to bring this matter to a conclusion as efficiently as possible. As such, and for the foregoing reasons, IPA respectfully requests that the

Court lift the stay of the above-captioned action and allow the parties to proceed with adjudication of IPA's infringement and damages claims.

| | |
|---|---|
| Dated: June 3, 2022 | BAYARD, P.A. |
| Of Counsel: | */s/ Stephen B. Brauerman* |
| | Stephen B. Brauerman (#4952) |
| Paul J. Skiermont | 600 North King Street, Suite 400 |
| Sarah E. Spires | Wilmington, DE 19801 |
| Steven W. Hartsell | (302) 655-5000 |
| Jaime K. Olin | sbrauerman@bayardlaw.com |
| SKIERMONT DERBY LLP | |
| 1601 Elm Street, Suite 4400 | Attorneys for Plaintiff, |
| Dallas, TX 75201 | *IPA Technologies Inc.* |
| (214) 978-6600 | |
| IPA_SDTeam@skiermontderby.com | |
| | |
| Mieke K. Malmberg | |
| SKIERMONT DERBY LLP | |
| 800 Wilshire Blvd., Suite 1450 | |
| Los Angeles, CA 90017 | |
| (213) 788-4500 | |
| IPA_SDTeam@skiermontderby.com | |