IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | C.A. No. 18-01 (RGA) <br><br> **JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT AND PROPOSED AMENDED SCHEDULING ORDER**

WHEREAS, this case was originally filed on January 1, 2018 (D.I. 1), along with *IPA Technologies, Inc. v. Amazon.com, Inc.* (No. 16-1266-RGA) and *IPA Technologies, Inc. v. Google LLC*, (No. 18-318-RGA). The three cases were treated as consolidated for pretrial purposes, with Microsoft, Amazon, and Google (the "Collective Defendants") participating collectively in certain discovery, claim construction, and pretrial matters;

WHEREAS, the Court conducted a Rule 16(b) scheduling conference with IPA and the Collective Defendants pursuant to Local Rule 16.1(b) on March 13, 2019 (D.I. 57), and entered a Scheduling Order on March 25, 2019 (D.I. 43);

WHEREAS, both Google and Microsoft filed *inter partes* review challenges to the asserted patents and IPA agreed to stay the Google and Microsoft cases until the IPR processes concluded;

WHEREAS, on January 10, 2020, the Court stayed the Google and Microsoft cases and allowed the Amazon litigation to continue separately (D.I. 78);

WHEREAS, on October 7, 2022, the Court lifted the stay of the Microsoft case (D.I. 89);

IT IS ORDERED that the original Scheduling Order is amended to provide updated deadlines and to bring it in compliance with the Court's December 2019 Form Scheduling Order for Patent Cases.

1. <u>Rule 26(a)(1) Initial Disclosures</u>. IPA and Microsoft ("the parties") exchanged their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on April 8, 2019 (D.I. 44, 45). The parties will exchange updated initial disclosures within fourteen (14) days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. The original deadline to join other parties, and to amend or supplement the pleadings, was on August 16, 2019. IPA and Microsoft do not seek to amend this deadline.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before July 7, 2023.

    b. <u>Document Production</u>. Document production shall be substantially complete by February 3, 2023.

    c. <u>Requests for Admission</u>. A maximum of 40 requests for admission are permitted for each side. While the Court generally permits an unlimited number of RFAs for authenticating evidence, the Court instructs the parties to first meet and confer with a goal of working out an appropriate agreement/stipulation concerning document and other evidence authenticity prior to serving authentication RFAs of party documents.

    d. <u>Interrogatories</u>. The court previously ordered a maximum of 25 interrogatories, including contention interrogatories, are permitted for each side, with the Collective Defendants constituting a side. IPA has already served 6 common interrogatories on the Collective

Defendants and has 4 remaining. IPA may also serve 15 individual interrogatories on Microsoft. The Collective Defendants have already served 10 common interrogatories on IPA. Microsoft may also serve 15 individual interrogatories on IPA.

    e. <u>Depositions</u>.

        i. <u>Limitation on Hours for Fact Deposition Discovery</u>.

**IPA'S POSITION ON DEPOSITION LIMITS:** IPA is limited to a maximum of 49 hours of fact deposition of Microsoft. The Collective Defendants have already taken 14.5 hours of fact deposition of IPA, with 34.5 hours remaining. Microsoft therefore may take up to half of this remaining time (17.25 hours). The Collective Defendants have already taken 15.5 hours of depositions of the three inventors Cheyer, Martin, and Julia in the litigation and IPA does not believe additional time is necessary. The Collective Defendants have already taken 4.25 hours of non-expert depositions of non-party witnesses, with 45.75 hours remaining. Microsoft therefore may take up to half of this remaining time (23 hours). IPA has already taken 14 hours of non-expert depositions of non-party witnesses and may take up to 36 hours more. Any further depositions of inventors, if allowed, will not count toward the third party deposition limit. Any party may move to modify these limitations for good cause shown.

**MICROSOFT'S POSITION ON DEPOSITION LIMITS:** IPA is limited to a maximum of 49 hours of fact deposition of Microsoft, and Microsoft is limited to a maximum of 49 hours of fact deposition of IPA, though depositions of inventors are limited to no more than ten (10) hours per inventor. IPA and Microsoft may each take up to an additional fifty (50) hours of non-expert depositions of non-party witnesses. Any deposition of inventors Cheyer, Martin, and Julia will not count toward the third party deposition limit. Any party may move to modify these limitations for good cause shown.  Microsoft was not a party to those earlier depositions by

the "Collective Defendants" as Microsoft's case was, at the time, administratively stayed. As a result, Microsoft had no opportunity to engage in that discovery or to protect its interests in this dispute. Nor has Microsoft, at this time, been provided the deposition transcripts and exhibits, so it cannot now determine whether its interests were adequately protected. Microsoft therefore believes it would be prejudiced if the opportunity to conduct its own depositions is eliminated or substantially curtailed via this order.

        ii.   Expert Depositions. The deposition of each expert who issues a report shall be limited to seven (7) hours of deposition per expert report. Unless otherwise agreed, the daily limit of seven (7) hours shall apply. If IPA's infringement expert also issues a validity report, Microsoft may depose that expert for no more than an additional seven (7) hours on the issue of validity.

        iii.   Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties, including an agreement to conduct all fact and expert depositions, where practicable, by remote means. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    f.   Discovery Matters and Disputes Relating to Protective Orders. The Court entered a protective order in this case on August 20, 2019. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file

with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    g. <u>Miscellaneous Discovery Matters</u>.

        i. <u>Initial Discovery in Patent Litigation</u>. Paragraph 4 of the Default Standard is hereby modified as follows:

            1. IPA provided the disclosures required by Paragraph 4(a) of the Default Standard on April 12, 2019 (D.I. 46).

            2. Microsoft produced the documents required by Paragraph 4(b) of the Default Standard on May 24, 2019 (D.I. 52).

            3. IPA provided the disclosures required by Paragraph 4(c) of the Default Standard on July 10, 2019 (D.I. 55).

4. On or before November 18, 2022, Plaintiff shall provide amended Paragraph 4(c) disclosures reflecting the updated list of asserted claims.

5. Defendant provided the disclosures required by Paragraph 4(d) of the Default Standard on August 23, 2019 (D.I. 63).

6. On or before December 30, 2022, Defendant shall provide amended Paragraph 4(d) disclosures reflecting the updated list of prior art references.

ii. In October 2021, the Court granted summary judgment in favor of Amazon in *IPA Technologies, Inc. v. Amazon.com, Inc.* (No. 16-1266-RGA), and that decision is currently on appeal with the Federal Circuit. The *IPA Technologies, Inc. v. Google LLC* (No. 18-318-RGA) litigation remains stayed pending the PTAB's final decision on the challenged claims of the 115 and 560 Patents following remand from Google's appeal to the Federal Circuit of the PTAB's original final decision on Google's IPRs on those patents, finding that Google has not carried its burden of showing unpatentability. The parties are not aware of any other pending or completed litigation involving one or more of the asserted patent claims. IPA does not contemplate instituting any further litigation in this or any other District within the next year.

iii. IPA is currently asserting 28 claims against Microsoft. Microsoft has currently listed over 100 prior art references challenging the validity of IPA's asserted claims on anticipation and obviousness grounds. IPA will

        reduce its asserted claims to 12 by March 10, 2023, and Microsoft will reduce its prior art-based invalidity case to five base prior art references by April 14, 2023. (For the avoidance of doubt, the term "base prior art reference" shall mean any knowledge, system, process, published description, patent, patent application, derived information, or invention that satisfies at least one provision of 35 U.S.C. §102 (pre-AIA), and which Microsoft alleges (i) anticipates one or more asserted claims (ii) renders obvious one or more asserted claims by itself, or (iii) renders obvious one or more asserted claims in combination with one or more other prior art references and represents the most substantial part of such combination.) The parties will meet and confer before the end of fact discovery to further limit the number of asserted claims and asserted prior art references/combinations.

    iv. IPA asserts that it has produced (or will produce in short order) all licenses and settlement agreements related to the patents-in-suit to Microsoft.

4. <u>Application to Court for Protective Order</u>. The Court entered a protective order in this case on August 20, 2019 (D.I. 62).

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On December 6, 2019, IPA and Microsoft (along with the other Collective Defendants) exchanged lists of those claim term(s)/phrase(s) they believed needed construction and their proposed claim construction of those term(s)/phrase(s) (D.I. 72, 73). These documents were not filed with the Court, and the case was stayed shortly thereafter, on January 10, 2020 (D.I. 78).

**<u>IPA'S POSITION ON CLAIM CONSTRUCTION</u>**: In the Amazon litigation, the Court construed or accept the parties' constructions of fourteen terms/phrases (Case No. 16-01266, D.I. 128). IPA does not believe additional claim construction practice is necessary in this case. In its initial list, Microsoft submitted sixteen terms for construction. The case was stayed before claim construction proceeded any further. Of the sixteen terms, four are only found in claims no longer asserted in this case. Ten more were construed by the Court in the Amazon case. The two remaining terms are "goal," which, while not specifically construed in the Amazon case, is a component of several other claim terms/phrases that were construed, and "symbolic name," which is only found in a single asserted dependent claim. Given these facts, IPA believes additional claim construction would be unnecessary and duplicative and urges the Court to adopt the constructions given in the Amazon case. Should the Court choose to proceed with additional claim construction, IPA requests that claim construction proceedings resume immediately. Since IPA's amended Paragraph 4(c) disclosures will do nothing more than remove previously asserted claims that were invalidated by Microsoft's IPRs, IPA contends there is no reason to wait for that deadline to pass to resume claim construction proceedings.

**<u>MICROSOFT'S POSITION ON CLAIM CONSTRUCTION</u>**:  Microsoft believes additional claim construction is necessary, including for the terms "goal" and "symbolic

name," and others. Moreover, Microsoft believes the parties should meet and confer about additional claim construction following Plaintiffs amended Paragraph 4(c) disclosures, and then make a recommendation to the Court in an updated Joint Status Report. In particular, IPA has represented that it intends to review Microsoft's source code, so it may be the case that Plaintiffs amended Paragraph 4(c) disclosures provide a level of detail not present in its previous Paragraph 4(c) disclosures, and such detail may demonstrate the need for additional claim construction. In addition, the amended Paragraph 4(c) disclosures may also require consideration of positions taken in the related IPRs by IPA, which were not all available during those earlier Markman proceedings.

8. <u>Disclosure of Expert Testimony</u>.

    a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before August 4, 2023. Opposition expert reports are due on or before September 1, 2023. Reply expert reports from the party with the initial burden of proof are due on or before September 22, 2023. No other expert reports will be permitted without either the consent of all parties of leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within two weeks of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submission of the expert reports, the parties shall advise of the dates and time of their experts' availability for deposition. Depositions of experts shall be completed on or before October 13, 2023.

    b. <u>Objections to Expert Testimony</u>. To the extent any motion objecting to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) or Federal Rule of Evidence 702, it shall be filed no later than the deadline for dispositive motions set forth herein, and briefed according to the same schedule as such dispositive motions, unless otherwise ordered by the Court.

9. <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before November 3, 2023. Oppositions to dispositive motions shall be served and filed on or before December 1, 2023.  Replies in support of dispositive motions shall be served and filed on or before December 23, 2023. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its *Daubert* and case dispositive motions.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference</u>. On April 26, 2024, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at nine a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the

Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

12. Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be trial to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

14. Trial. This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on May 6, 2024, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the

jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports, except those arising under the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) or Federal Rule of Evidence 702.

_____
UNITED STATED DISTRICT JUDGE