**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 18-1-RGA |
| MICROSOFT CORPORATION, | |
| Defendant. | |

MEMORANDUM ORDER

Defendant filed a motion in limine to preclude Plaintiff from arguing that a sufficient nexus exists between Siri, the digital assistant developed by Apple, and the asserted patent claims. (D.I. 326). This issue is relevant to Plaintiff's validity and damages arguments. I have considered the parties' briefing (*id.*) and the arguments made at the pre-trial conference on April 26, 2024. For the reasons set forth below, this motion is DENIED.

Claims 50, 53, and 54 of the '560 patent are the only remaining asserted claims. (*See* D.I. 216; D.I. 342). These claims were challenged in an IPR filed by Microsoft. *See Microsoft Corp. v. IPA Techs. Inc.*, IPR 2019-00836 (P.T.A.B. petition filed Mar. 19, 2019). The P.T.A.B. determined that Plaintiff failed to "establish[] a sufficient nexus between the Siri application and the challenged claims of the '560 patent" and therefore Plaintiff's "secondary considerations evidence [did] not weigh in favor of non[o]bviousness." IPR 2019-00836, Paper No. 42 at 135–36 (P.T.A.B. Oct. 22, 2020). The Board ultimately found claims 50, 53, and 54 nonobvious. (*Id.* at 136). Defendant argues Plaintiff is estopped from asserting a sufficient nexus exists between Siri and the asserted claims based on the IPR decision. (D.I. 326 at 2–3 of 14)

1

A party asserting collateral estoppel ordinarily must satisfy the court that (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision in the previous litigation; and (4) the party to be estopped from relitigating the issue was fully represented in the prior action. *Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006); *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012). "A determination ranks as necessary or essential only when the final outcome hinges on it." *Bobby v. Bies*, 556 U.S. 825, 835 (2009) (citing 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4421, at 543 (2d ed. 2002)).

The Board's decision on nonobviousness did not depend on its finding that no nexus existed. Rather, the Board's finding regarding the nexus between Siri and the '560 patent claims "cut against the final judgment" on patentability. *Bobby*, 556 U.S. at 829. Such findings are "quintessentially the kinds of rulings not eligible for issue-preclusion treatment." *Id.* (quoting *Bies v. Bagley*, 535 F.3d 520, 533 (6th Cir. 2008) (Sutton, J., dissenting from denial of rehearing en banc)). As the nexus determination was not necessary or essential to the final outcome of the IPR, issue preclusion does not apply to the arguments at hand.[1]

Defendant alternatively argues that Plaintiff and its experts should be precluded from offering evidence or testimony regarding Siri's commercial success, profitability, or popularity because Plaintiff "has no evidence linking any such use of the asserted claims to Siri's success,

---

[1] This result is not affected by the requirement that "secondary considerations, when present, must be considered in determining obviousness." *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 667 (Fed. Cir. 2000). The question of nexus was not "necessarily determined" simply because the P.T.A.B. had to consider it to reach a determination on obviousness. Such a conclusion would "conflate[] a determination necessary to the bottom-line judgment with a subsidiary finding that, standing alone, is not outcome determinative." *Bobby*, 556 U.S. at 835.

profitability or popularity." (D.I. 326 at 4 of 14). "Defendants' motion is essentially a motion for summary judgment, which is not a proper basis for a MIL." *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 2020 WL 509182, at *1 (D. Del. Jan. 31, 2020); *see also Johns Hopkins Univ. v. Alcon Labs. Inc.*, 2018 WL 4178159, at *21 (D. Del. Aug. 30, 2018) ("A motion in limine is not the proper vehicle by which to eliminate issues from a case."). Furthermore, Plaintiff identifies, and Defendant does not address, citations to and discussion of various pieces of evidence in Plaintiffs' expert reports. (*See* D.I. 326 at 10, 13 of 14).

For the reasons stated above, Defendant's motion in limine to (D.I. 326) is DENIED.


IT IS SO ORDERED.



Entered this 29th day of April, 2024



  /s/ Richard G. Andrews
United States District Judge