## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES INC., | |
| Plaintiff, | Civil Action No. 1:18-cv-00001-RGA-SRF |
| v. | PUBLIC VERSION - FILED: 5/3/24 |
| MICROSOFT CORPORATION, | |
| Defendant. | |

## PARTIES' JOINT PROPOSED FINAL PRETRIAL ORDER

## <u>TABLE OF CONTENTS</u>

I.    NATURE OF THE ACTION AND THE PLEADINGS ......................................................1

    A.    Pleadings .............................................................................................................3

    B.    Claim Construction .............................................................................................4

    C.    Summary Judgment and *Daubert* Motions ........................................................7

    D.    Statements Regarding the Scope of the Issues to be Tried ..................................7

        1.    IPA's Statement ......................................................................................7

        2.    Microsoft's Statement .............................................................................8

II.    FEDERAL JURISDICTION .........................................................................................9

III.    JOINT STATEMENT OF ADMITTED FACTS ..........................................................10

IV.    STATEMENTS OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED ..............10

V.    STATEMENTS OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED ...............10

VI.    TRIAL EXHIBITS ......................................................................................................10

    A.    Stipulations Concerning Trial Exhibits and Demonstrative Exhibits ..................10

    B.    Procedures for the Disclosure of Trial Exhibits and Demonstrative Exhibits ..............................................................................................................15

VII.    TRIAL WITNESSES ..................................................................................................17

    A.    Witnesses to be Called .......................................................................................17

    B.    Testimony by Deposition & Procedures for the Disclosure Thereof ...................17

VIII.    STATEMENTS OF INTENDED PROOFS ..................................................................19

    A.    IPA's Statement .................................................................................................19

    B.    Microsoft's Statement ........................................................................................20

IX.    AMENDMENTS TO THE PLEADINGS .....................................................................23

X.    CERTIFICATION OF GOOD FAITH EFFORTS AT SETTLEMENT ...........................23

XI.    MOTIONS IN LIMINE ..............................................................................................23

XII.    OTHER MATTERS .................................................................................................24

    A.    Jury Trial ...................................................................................................24

    B.    Order of Presentation of Evidence ............................................................24

    C.    Length of Trial ...........................................................................................24

    D.    Number of Jurors .......................................................................................25

    E.    Jury Procedures ..........................................................................................25

    F.    Handling of Confidential Information at Trial ...........................................25

    G.    Sequestration of Witnesses .......................................................................27

    H.    Set-up of Electronic and Computer Devices .............................................27

    I.    Federal Judicial Center Introduction to the Patent System Video ...........27

    J.    Voir Dire, Jury Instructions, Verdict Form ...............................................28

    K.    Order to Control the Course of Action .......................................................28

On April 26, 2024, counsel for IPA Technologies Inc. ("IPA" or "Plaintiff") and Microsoft Corporation ("Microsoft" or "Defendant") will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3.

Pursuant to the Amended Scheduling Order (D.I. 98), a jury trial will take place beginning on May 6, 2024. The trial will address IPA's claim that Microsoft infringes claims 29, 33, 38, 41, and 43 of U.S. Patent No. 6,851,115 ("the '115 Patent") and claims 50, 53, and 54 of U.S. Patent No. 7,069,560 ("the '560 Patent") (collectively, "the Asserted Claims") and IPA's request for damages, as well as Microsoft's defenses of non-infringement and invalidity.

The following matters as to the conduct of the trial have been stipulated by the parties and are hereby ordered by the Court:

## I.    NATURE OF THE ACTION AND THE PLEADINGS

1.    This is an action for alleged patent infringement relating to Microsoft's Cortana digital assistant. IPA contends that Microsoft's making, using, offering for sale, selling, and/or importing Microsoft Cortana (which IPA alleges was available on all devices running the Windows 10 operating system) before the expiration of the '115 and '560 Patents (the "Asserted Patents") constitutes direct infringement under 35 U.S.C. § 271(a). Specifically, IPA alleges that Microsoft infringes when user commands from any Cortana-enabled device were received and processed by a Microsoft server system(s) where the relevant elements of that server system(s) were located in the United States, regardless of the location of the device that originated the command. .

2.    Further, Microsoft's inducing others to make, use, offer for sale, sell, and/or import components of Microsoft Cortana constitutes indirect infringement under 35 U.S.C. §

1

271(b). Specifically, Microsoft instructs and encourages end users to use the infringing products. This inducement by Microsoft leads to direct infringement by end users.[1]

3.      IPA alleges that the Asserted Patents disclose distributed computing environments and the completion of tasks within such environments. In particular, IPA alleges that the Asserted Patents teach a variety of software-based architectures for communication and cooperation among distributed electronic agents.

4.      Microsoft contends that it does not infringe any asserted claim of the Asserted Patents, directly or indirectly.

5.      Microsoft also contends that the Asserted Claims of the Asserted Patents are invalid as anticipated by relevant prior art, and/or invalid as obvious in view of the relevant prior art.

6.      Microsoft contends that certain relevant system prior art was publicly used during a demonstration in the United States more than one year before the January 5, 1999 earliest possible filing date of the Asserted Patents, and thus qualifies as prior art under 35 U.S.C. §102(b).  Microsoft also contends that certain other relevant system prior art includes the prior invention of another inventor(s) that was made in the United States who did not abandon, suppress, or conceal it before the January 5, 1999 earliest possible filing date of the Asserted Patents, and thus constitutes prior art under 35 U.S.C. §102(g).  Microsoft also contends that certain other relevant prior art was described in a printed publication in this or a foreign country

---

[1] Microsoft objects to the parts of this proposed Order that address induced or willfulness for the reasons given in its motion for summary judgment.  Microsoft further preserves and does not waive any of its other arguments in it motion for summary judgment and Daubert motion and objects to those portions of this order that are inconsistent with that motion.

before the January 5, 1999 earliest possible filing date of the Asserted Patents, and thus constitutes prior art at least under 35 U.S.C. §102(a).

7.      Microsoft contends that IPA lacks evidence to prove any amount of damages or willfulness.

8.      To be resolved in the jury trial are IPA's claims of infringement of the asserted claims of the Asserted Patents and Microsoft's defenses to such claims, as well as the amount, if any, of damages if infringement is found and whether any infringement was willful.

**A. Pleadings**

9.      On January 1, 2018, IPA filed a *Complaint for Patent Infringement* against Microsoft in Civil Action No. 1:18-CV-00001-RGA (D.I. 1) ("Complaint").

10.     On February 20, 2018, IPA filed a *First Amended Complaint for Patent Infringement* against Microsoft in Civil Action No. 1:18-CV-00001-RGA (D.I. 12) ("First Amended Complaint").

11.     On March 20, 2018, IPA filed a *Second Amended Complaint for Patent Infringement* against Microsoft in Civil Action No. 1:18-CV-00001-RGA (D.I. 16) ("Second Amended Complaint"). This was the first pleading to specifically name the two Asserted Patents, though the prior pleadings asserted patents that are continuations-in-part of the '115 Patent.

12.     The Second Amended Complaint seeks judgment of infringement, injunctive relief, and monetary damages. IPA has further demanded a jury trial on all issues triable by a jury.

13.     IPA is no longer pursuing its request for injunctive relief.

14.     On February 1, 2019, Microsoft filed an *Answer to Plaintiff's Second Amended Complaint for Patent Infringement* (D.I. 37), in which it denied infringement of the Asserted Patents and asserted defenses of failure to state a claim, non-infringement, invalidity under 35

U.S.C. §§ 101[2], 102, 103, and/or 112, estoppel, limitation on damages and costs, and no injunctive relief. Microsoft did not file a counterclaim.

15.    Both Asserted Patents expired on January 5, 2019.

16.    On May 1, 2023, IPA filed a *Notice of Reduction of Asserted Claims*, reducing its asserted claims against Microsoft.

17.    On August 21, 2023, the parties filed a *Joint Notice Narrowing Asserted Claims and Prior Art* further reducing IPA's Asserted Claims against Microsoft to the following:

- Claims 29, 33, 38, 41, and 43 of the '115 Patent; and

- Claims 50, 53, and 54 of the '560 Patent.

In that Notice, Microsoft also narrowed its base prior art references to the following two base references:

- CNET OAA System; and

- RETSINA System.

**B. Claim Construction**

18.    The Court issued a *Memorandum Order* (D.I. 143) regarding claim construction on April 27, 2023. The Court construed the following terms:

| *Claim Term* | *Patent Claims* | *Court's Construction* |
|---|---|---|
| "sub-goal" | '115 patent: claim 29<br>'560 patent: claims 50, 53 | "subgoals, when not modified by 'one or more,' means "two or more subgoals" |
| "goal satisfaction plan" | '115 patent: claim 29<br>'560 patent: claim 50 | "plan for satisfying a goal that includes delegating sub-goals to specific agents, is not limited to asking service providing agents to retrieve |

---

[2] Microsoft preserves and does not waive any of its arguments related to 35 U.S.C. § 101 in its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and related papers (D.I. 17, 18, 30) and respectfully reserves its right to appeal rulings in the Court's Memorandum Opinion (D.I. 35) that are inconsistent with Microsoft's Motion and related papers.

| Claim Term | Patent Claims | Court's Construction |
|---|---|---|
|  |  | information, and is consistent with advice parameters." |

The Court adopted the constructions for the following terms, which the parties agreed to prior to the claim construction hearing:

| Claim Term | Patent Claims | Court's Construction |
|---|---|---|
| "layer" | '115 patent: claim 29 <br> '560 patent: claims 50, 53 | "a set of rules that are a part of the ICL" |
| "layer of conversational protocol" | '115 patent: claim 29 <br> '560 patent: claims 50, 53 | "a layer which governs the structure of interagent communications" |
| "task completion advice" | '115 patent: claim 29 | "one or more parameters containing advice on how to execute a task" |
| "task completion constraints" | '115 patent: claim 29 | "one or more parameters containing constraints on how to execute a task" |
| "capability" | '115 patent: claim 29 | "a function an agent can perform" |
| "symbolic name" | '115 patent: claim 33 | "a name that is used to identify an agent and need not be unique." |
| "task declaration" | '115 patent: claim 33 | "a statement of an agent task" |
| "request for a service" / "service request" | '115 patent: claim 29 <br> '560 patent: claims 50, 53 | "The 'request for a service'/'service request' must be recited in the claimed ICL and must meet every requirement of the claimed ICL" |
| "base goal" | '115 patent: claims 29, 38 <br> '560 patent: claim 50, 53 | "starting goal" |
| "cooperative task completion / cooperative completion of the base goal" | '115 patent: claim 29 <br> '560 patent: claims 50, 53 | plain and ordinary meaning |
| "inter-agent language" / "inter-agent communication language" / "ICL" | '115 patent: claim 29 <br> '560 patent: claims 50, 53 | "an interface, communication, and task coordination language" |
| "a content layer" | '115 patent: claim 29 | "a layer, which specifies the content of interagent messages" |

| Claim Term | Patent Claims | Court's Construction |
|---|---|---|
| "event" | '115 patent: claims 29, 41<br>'560 patent: claims 50, 53 | "a message between agents or between an agent and a facilitator" |
| "non-syntactic decomposition" | '560 patent: claims 50, 53 | "separating or resolving into constituent parts based on factors other than syntax" |
| "agent registry" / "registry of capabilities of the service-providing electronic agents" | '115 patent: claims 29, 33<br>'560 patent: claims 50, 53, 54 | plain and ordinary meaning |
| "compound goal" / "complex goal" | '115 patent: claim 29 | "a single-goal expression comprising multiple sub-goals" |
| "arbitrarily complex goal expression" / "arbitrarily complex base goal" / "arbitrarily complex goal" | '115 patent: claims 29 | "a single goal expression expressed in a language or syntax that allows multiple sub-goals and potentially includes more than one type of logical connector (e.g., AND, OR, NOT), and/or more than one level of logical nesting (e.g., use of parentheses), or the substantive equivalent" |
| "trigger" | '115 patent: claims 29, 33, 38, 41, 43 | "a settable mechanism for taking or requesting action when a condition or set of conditions is met" |
| "event type(s)" | '115 patent: claim 29<br>'560 patent: claims 50, 53 | "type of event" |
| "ICL goal(s)" | N/A | "goal(s) formulated in ICL" |
| "parameter lists associated with one or more events" / "wherein the parameter lists further refine the one or more events" | '115 patent: claim 29 | "lists of parameters that refine associated events" |

19.     The parties provided supplemental claim construction briefing for the following terms. The Court has not yet handed down its order.

6

| Claim Term | Patent Claims | Court's Construction |
|---|---|---|
| "inter-agent language" / "inter-agent communication language" / "ICL" | '115 patent: claim 29 '560 patent: claims 50, 53 | TBD |
| "request for a service" / "service request" | '115 patent: claim 29 '560 patent: claims 50, 53 | TBD |

### C. Summary Judgment and *Daubert* Motions

20.    IPA moved for summary judgment on IPR estoppel under 35 U.S.C. § 315(e)(2), marking under 35 U.S.C. § 287(a), the relation back doctrine, and to exclude certain opinions of Microsoft's experts under Fed. Rs. Evid. 702 and 703 and the *Daubert* standard (D.I. 236).

21.    Microsoft moved for summary judgment that no client device, such as Windows 10 based computers, constituted a direct infringement of any claim, that Microsoft's server-based Cortana software did not infringe, that IPA could not prove induced infringement, contributory infringement or willfulness, and to exclude the testimony of IPA's expert witnesses under Fed. R. Evid. 702, for failure to prove any amount of damages, including pre-suit damages for failure to mark, of non-infringement by the doctrine of equivalents, of no induced infringement, of no contributory infringement, and of no willfulness (D.I. 239).

22.    The Court has not yet resolved these motions.

### D. Statements Regarding the Scope of the Issues to be Tried

#### 1.    IPA's Statement

23.    As of the date of the submission of this Pretrial Order, IPA is asserting eight claims across the two Asserted Patents. In particular, IPA is asserting one independent claim and four dependent claims of the '115 Patent, and two independent claims and one dependent claim

7

of the '560 Patent. IPA alleges that Microsoft directly infringed the Asserted Claims when user

commands from any Cortana-enabled device were received and processed by a Microsoft server

system(s) where the relevant elements of that server system(s) were located in the United States,

regardless of the location of the device that originated the command. IPA also claims that

Microsoft is liable for induced infringement, and that Microsoft's infringement was willful.

24.    Upon a finding of infringement IPA is entitled to damages adequate to

compensate it for that infringement. That amount includes pre-verdict damages up to the time of

patent expiration (January 5, 2019). Additional issues of damages that may need to be resolved

following a jury verdict may include: whether IPA is and/or will be entitled to a pre-verdict

accounting of damages and, if so, the dollar amount of such accounting whether IPA is entitled

to an award of pre-judgment and post-judgment interest and, if so, the dollar amount of such

award; whether IPA is entitled to costs and, if so, the dollar amount of its costs; and whether IPA

is entitled to any other relief as this Court deems just and proper.

### 2.    Microsoft's Statement

25.    IPA asserts Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53

and 54 of the '560 Patent, both of which patents expired as of January 5, 2019. Microsoft asserts

that no aspect of Microsoft's Cortana and Cortana-enabled devices infringe directly or indirectly,

the Asserted Claims of the Asserted Patents. Moreover, Microsoft alleges that IPA has

disavowed any theory of indirect infringement and, in any event, has never identified any

evidence that Microsoft induced users to submit the particular requests to Cortana that IPA's

experts say invoke the allegedly infringing functionality or even any proof that any user ever did

so.

26.    Furthermore Microsoft asserts that the Asserted Claims of the Asserted Patents

are invalid as anticipated by certain prior art references, and/or invalid as obvious in view of the

relevant prior art.  Microsoft contends that certain relevant system prior art was publicly used during a demonstration in the United States more than one year before the January 5, 1999 earliest possible filing date of the Asserted Patents, and thus qualifies as prior art under 35 U.S.C. §102(b).  Microsoft also contends that certain relevant system prior art includes the prior invention of another inventor(s) that was made in the United States who did not abandon, suppress, or conceal it before the January 5, 1999 earliest possible filing date of the Asserted Patents, and thus constitutes prior art under 35 U.S.C. §102(g).  Microsoft also contends that certain relevant prior art was described in a printed publication in this or a foreign country before the January 5, 1999 earliest possible filing date of the Asserted Patents, and thus constitutes prior art at least under 35 U.S.C. §102(a).  Microsoft further contends that IPA lacks any evidence to prove willfulness.

27.     Microsoft contends that IPA is not able to prove damages, nor is IPA entitled to any pre- or post-judgment interest. Microsoft contends that IPA is entitled to no damages, interest, costs or other relief from or against Microsoft. Microsoft contends it is entitled to an award of attorneys' fees and costs and any further and additional relief as this Court may deem just and proper.

28.     In the event infringement of a valid Asserted Claim is found, Microsoft asserts that any damages IPA may be entitled to would be in the form of a reasonable royalty for any claim found to be infringed to the extent such damages are proved, but at most only for such time period between the filing of the Second Amended Complaint on March 20, 2018 and the expiration of the Asserted Patents on January 5, 2019 for which IPA proves such use.

## II.     FEDERAL JURISDICTION

29.     This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 101 et seq., including §§ 271 and 281–285. This Court has subject matter jurisdiction over this

action pursuant to 28 U.S.C. §§ 1331 and 1338(a). No party contests personal or subject matter jurisdiction.

30.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b). No party contests venue.

## III.    JOINT STATEMENT OF ADMITTED FACTS

31.    The parties' Joint Statement of Admitted Facts is attached as **Exhibit 1**.

## IV.    STATEMENTS OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED

32.    IPA's Statement of Issues of Fact That Remain to Be Litigated is attached as **Exhibit 2.**

33.    Microsoft's Statement of Issues of Fact That Remain to Be Litigated is attached as **Exhibit 3.**

34.    If the Court determines that any issue identified in a party's statement of contested issues of facts is more properly considered an issue of law, it should be so considered. If the Court determines that any issue identified in a party's statement of contested issues of law is more properly considered an issue of fact, it should be so considered.

## V.    STATEMENTS OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED

35.    IPA's Statement of Issues of Law That Remain to Be Litigated is attached as **Exhibit 4.**

36.    Microsoft's Statement of Issues of Law That Remain to Be Litigated is attached as **Exhibit 5.**

37.    If the Court determines that any issue identified in a party's statement of contested issues of law is more properly considered an issue of fact, it should be so considered.

## VI.    TRIAL EXHIBITS

### A.  Stipulations Concerning Trial Exhibits and Demonstrative Exhibits

10

38. The parties' joint exhibit list, which includes exhibits identified on both IPA and Microsoft's respective lists, is attached hereto as **Exhibit 6**. Joint trial exhibits will be identified with JTX numbers, starting with JTX 001.

39. IPA's list of exhibits it may offer at trial, including Microsoft's objections, is attached hereto as **Exhibit 7.** IPA's trial exhibits will be identified with PTX numbers, starting with PTX 001. IPA's demonstrative trial exhibits will be identified with PDX, starting with PDX 001.

40. Microsoft's lists of exhibits that it may offer at trial, including IPA's objections, is attached hereto as **Exhibit 8**. Microsoft's trial exhibits will be identified with DTX numbers, starting with DTX 001. Microsoft's demonstrative trial exhibits will be identified with DDX, starting with DDX 001.

41. The Court entered the parties' *Stipulation Regarding Authenticity and Use of Certain Documents at Trial* on June 20, 2023 (D.I. 171). In that stipulation, the parties agreed not to object to the authenticity of a document, absent good cause, that on its face appears to be generated by a party (IPA or Microsoft).

42. The parties have agreed to a procedure with respect to demonstrative exhibits that does not require demonstrative exhibits to be included on the trial exhibit lists. Those procedures for the exchange of demonstrative exhibits are addressed separately herein. For purposes of this Pretrial Order, the following "demonstrative exhibits" are not subject to the exchange provisions set forth herein: (1) exhibits created in the courtroom during testimony or opening at trial or (2) the enlargement, highlighting, ballooning, excerption, or other emphasis of a trial exhibit (or parts of a trial exhibit) or a transcript of testimony, as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order, and

such ballooning, excerption, highlighting, etc., accurately reflects the content of the testimony or exhibit.

43.    The exhibit lists attached as **Exhibits 6, 7,** and **8** include citations to the Federal Rules of Evidence to note any objections lodged by other parties. In addition, any exhibits implicated by the parties' *motions in limine* are deemed objected to. Exhibits not objected to may be introduced into evidence by the identifying party through any witness competent to testify regarding the exhibit, without the need for additional foundation testimony, provided, however, that an expert may not introduce any exhibit that was not relied upon in any of that expert's respective report(s) submitted pursuant to Fed. R. Civ. P. 26(a)(2)(B) with the exception of different versions of an exhibit (e.g., more legible copies of the same document).

44.    Any description of a document, or any date associated with a document, on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document or any other listed document. Similarly, failing to list a date is neither evidence nor an admission of whether the document is dated.

45.    Any documents, deposition transcripts, or portion thereof, or other items, not specifically identified in any of the exhibit lists or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence to the extent consistent with the requirements of the Federal Rules of Evidence. Subject to these provisions, exhibits not listed on any party's exhibit list will not be admitted into evidence absent good cause shown or by agreement of the parties. The parties agree that exhibits necessary to account for information learned in discovery completed after the submission of this Pretrial Order shall constitute good cause for admission into evidence, subject to evidentiary objections.

46.     Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections, and if such evidentiary objections are overruled, any such exhibit may be admitted into evidence. Any exhibit, once admitted, may be used equally by each party. The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

47.     The parties agree that any exhibit identified in the lists attached hereto and otherwise unobjected to may be used and published to the jury in opening statements by the identifying party.

48.     Each party may use a subset or excerpt of an exhibit as a standalone exhibit, subject to evidentiary objections. Such subset exhibit shall be marked with the entire exhibit's number followed by a letter, for example, PTX 001-A.

49.     The parties will meet and confer regarding replacing any poor print or digital quality copies of exhibits with substantively identical improved or higher quality or color copies.

50.     Legible copies of exhibits may be offered into evidence in lieu of originals, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the copy. Electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered into evidence in lieu of paper or PDF versions. The parties will exchange replacement versions and/or native versions of exhibits prior to use in trial.

51.     Legible copies of United States patents and patent applications, including the Asserted Patents, and their file histories may be offered into evidence in lieu of certified copies

thereof, subject to all other objections that might be made to admissibility of certified copies. Further, nothing precludes a party from offering into evidence an original document where the party previously exchanged a PDF or other electronic copy of the document.

52.     The parties agree that documents created by a third party and thereafter produced by that third party during the discovery phase of this litigation and identified in **Exhibits 6, 7, and 8** to this Order are presumed prima facie genuine and authentic. Nothing, however, shall prohibit a party from offering evidence to rebut the presumption.

53.     The parties will meet and confer in a further effort to refine and shorten their exhibit lists and to resolve objections without the Court's intervention. On or before the first day of trial, each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list corresponding to their respective final exhibit lists.

54.     Each party shall be permitted at the start of its case-in-chief to make an omnibus motion for submission into evidence of exhibits on its list attached hereto (i.e., **Exhibit 6** for both parties, **Exhibit 7** for IPA, **Exhibit 8** for Microsoft) and not subject to an evidentiary objection recorded thereon.

55.     Each party shall make available for inspection any physical exhibits no less than one week before the start of jury selection.

## **Demonstrative Exhibits**

56.     Demonstratives are to be used for illustrative purposes only and will not be entered into evidence. Following the conclusion of trial, demonstratives shown to the jury may be lodged with the Court. The parties do not waive any objection to the admissibility of evidence cited or referenced in any demonstrative exhibit.

57.     For purposes of disclosure to the other parties, a party shall provide either (1) a color PDF or PowerPoint copy of the demonstrative exhibit it is intending to use; or (2) for videos or animations, a digital interactive format, including, as applicable, flash format, PPT format, MPEG or other video format, of demonstrative video or animation it is intending to use. Further, to the extent necessary, the parties will confer to the extent they are unable to provide a demonstrative in the specified format. For irregularly sized physical demonstrative exhibits, the party seeking to use it shall provide a color representation in 8.5" x 11" PDF format.

58.      For each demonstrative exhibit that is based in whole or in part on an admissible trial exhibit, the party intending to use the demonstrative exhibit will disclose, either on the face of the demonstrative exhibit or in an accompanying writing provided at the time the demonstrative exhibit is disclosed to the opposing party, all trial exhibits that form the basis of the demonstrative exhibit.

59.     The provisions regarding the exchange of demonstrative exhibits do not apply to demonstrative exhibits created during testimony or demonstrative exhibits to be used for cross examination, neither of which need to be provided to the other side in advance of their use. The parties further agree that notice of a party's intended use of enlargements of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, or other emphasis of the particular trial exhibit and/or deposition testimony, need not be provided to the other side in advance of their use, subject to the parties' evidentiary objections and compliance with the provisions of this Pretrial Order governing the use of trial exhibits and/or deposition testimony.

**B.  Procedures for the Disclosure of Trial Exhibits and Demonstrative Exhibits**

60.     A party shall provide, together with its identification of a witness to be called (as provided in Section VII below) a list of trial exhibits to be used in connection with a direct examination of that witness by 7:00 p.m. local time two calendar days before their intended use.

Any objections by the opposing party will be provided no later than 7:00 p.m. local time the following day. The parties shall meet and confer within two hours of the exchange of objections to resolve any objections. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

61.     A party shall provide demonstrative exhibits to be used in connection with a direct examination by 7:00 p.m. local time one calendar day before their intended use. Objections to any such demonstrative exhibits shall be made by 9:00 p.m. local time that same day. The parties will meet and confer on any objections by 10:00 p.m. local time that same day and will present any unresolved issues to the Court prior to the witness being called to the witness stand.

62.     With respect to opening statements, the parties shall identify any trial exhibits and demonstrative exhibits they intend to use by 5:00 p.m. local time one calendar day before opening statements. Objections to any such trial exhibits and demonstrative exhibits shall be made by 7:00 p.m. local time that same day. The parties will meet and confer on any objections by 8:00 p.m. local time that same day and will present any unresolved issued to the Court before the beginning of opening statements.

63.     With respect to closing statements, the parties shall identify any demonstrative exhibits they intend to use but have not previously used by 7:00 p.m. local time one calendar day before closing statements. Objections to any such demonstrative exhibits shall be made by 9:00 p.m. local time that same day. The parties will meet and confer on any objections by 10:00 p.m. local time that same day and will present any unresolved issued to the Court before the beginning of closing statements.

## VII.    TRIAL WITNESSES

### A.  Witnesses to be Called

64.    IPA's witness list is attached hereto as **Exhibit 11**.

65.    Microsoft's witness list is attached hereto as **Exhibit 12**.

66.    Any witness not listed in Exhibits 10 and 11 is precluded from testifying, absent good cause shown, except that each party reserves the right to call rebuttal witnesses as may be necessary, on reasonable notice to the opposing party. No party shall be required to present testimony from any witness on its list of witnesses.

67.    IPA shall provide a final list of those witnesses it will call in person and the order in which it will call such witnesses in its case-in-chief by 7:00 p.m. local time seven calendar days before the beginning of trial. Microsoft shall provide a final list of those witnesses it will call in person and the order in which it will call such witnesses in its rebuttal and its case-in-chief by 7:00 p.m. local time five calendar days before the beginning of trial. IPA shall provide a final list of those witnesses it will call in person in its rebuttal by 7:00 p.m. local time three calendar days before the beginning of trial. Should a party change its intention to call in person a witness it previously identified for will call and present that witness via deposition, the party shall notify the other party by 7:00 p.m. local time two (2) days before they are to be called. Further, a party shall identify the specific witnesses it intends to call to testify on each trial day by 7:00 p.m. local time two (2) days before they are to be called.

### B.  Testimony by Deposition & Procedures for the Disclosure Thereof

68.    With respect to witnesses who will be called to testify by deposition, the parties have designated specific page and line numbers of deposition testimony that they intend to read or play back during their case-in-chief. New materials may not be added without good cause.

69.     IPA's preliminary list of designations, along with Microsoft's objections and counter-designations, and IPA's objections to Microsoft's counter-designations of prior testimony are attached hereto as **Exhibit 9.**

70.     Microsoft's preliminary list of designations, IPA's objections and counter designations, and Microsoft's objections to IPA's counter-designations of prior testimony are attached hereto as **Exhibit 10.**

71.     A party intending to offer a witness by deposition shall provide the other party with a list of final deposition designations (from the previously designated testimony, and including counter-designations) it intends to introduce and the order such witnesses by deposition will be introduced by 7:00 p.m. local time two calendar days before the deposition testimony is expected to be read or played in Court. The parties will meet and confer on any objections by 9:00 p.m. local time that same day.

72.     Disputed designations shall be submitted to the Court by the party offering the testimony by 9:00 a.m. local time on the day before such deposition testimony is expected to be read or played in Court, except disputed designations expected to be read or played in Court on the first day of trial shall be submitted that day. The submissions of disputed designations to the Court shall include highlighted copies of the disputed materials and an itemized list of the remaining objections.

73.     If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played in chronological order. Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations.

74.     The parties agree that to the extent a deposition designation contains attorney objections and colloquy, such objections and colloquy shall be eliminated to the extent possible when any testimony is shown or read to the jury.

75.     Any party may use deposition testimony that is designated by another party (subject to any objection of the designating party), to the same effect as if it had initially designated the testimony as its own.

76.     Subject to the above provisions, the parties may offer some or all of the deposition testimony set forth in the attachments hereto at trial. A party's decision not to introduce some or all of the deposition testimony of a witness designated herein shall not be commented upon at trial.

77.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

78.     In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked as a different exhibit number, a party may substitute one exhibit for another.

## VIII.  STATEMENTS OF INTENDED PROOFS

### A.  IPA's Statement

79.     IPA's statement is limited to its expected proof with regard to its infringement and damages claims, and does not address the proof that it may choose to present in rebuttal to the defenses that Microsoft may present in its case-in-chief or rebuttal case at trial. IPA's statement is based upon the current status of the case and the Court's current rulings. IPA reserves the right to revise this statement in light of any further decisions or orders of the Court or any new issues raised by Microsoft. IPA incorporates by reference its statements of contested

facts and issues of law in Exhibits 2 and 4, respectively. IPA reserves the right to prove any matters identified in their pleadings, infringement contentions, interrogatory responses, or expert reports.

80.     IPA intends to establish through its presentation of evidence that Microsoft's directly infringed the Asserted Claims under 35 U.S.C. § 271(a) and indirectly infringed the Asserted Claims under 35 U.S.C § (b).

81.     IPA intends to establish through its presentation of evidence that such infringement by Microsoft was willful in nature.

82.     IPA intends to establish through its presentation of evidence that it is entitled to a reasonable royalty due to Microsoft's infringement of the Asserted Claims.

83.     In the event of a finding of infringement and award of damages, IPA intends to seek any and all recoverable pre-judgment and post-judgment interest.

84.     In the event of a finding of willful infringement, IPA requests enhanced damages.

85.     In the event of a finding of infringement, IPA intends to seek an award of attorneys' fees and costs in this action, including on the basis that this case is an exceptional case under 35 U.S.C. § 285.

**B.  Microsoft's Statement**

86.     Microsoft's statement of intended proof at trial is limited to the issues for which Microsoft bears the burden of proof at trial and does not address the proof that Microsoft may choose to present in rebuttal to the claims and defenses that IPA may present in its case-in-chief. Microsoft's statement is based upon the current status of the case and the Court's current rulings. Microsoft reserves the right to revise this statement based on IPA's statement of intended proof or any further decision or orders of the Court. Microsoft incorporates by reference its statements of contested facts and issues of law in Exhibits 3 and 5, respectively. Microsoft reserves the right

to prove any matters identified in their pleadings, infringement contentions, interrogatory responses, or expert reports.

87.     Proof that Microsoft has not infringed Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent.

88.     Proof that Microsoft has not willfully infringed Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent.

89.     Proof by clear and convincing evidence that the CNET OAA System, RETSINA System, and the Martin Paper are prior art to the '115 and '560 Patents.

90.     Proof by clear and convincing evidence that Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent are invalid as anticipated by the CNET OAA System.

91.     Proof by clear and convincing evidence that Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent are invalid as anticipated by the RETSINA System.

92.     Proof by clear and convincing evidence that any differences between Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent and the CNET OAA System would have been obvious before the effective filing date of the claimed inventions to a person having ordinary skill in the art.  Proof by clear and convincing evidence that any differences between Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent and the CNET OAA System in view of the RETSINA System and/or the Martin Paper would have been obvious before the effective filing date of the claimed inventions to a person having ordinary skill in the art.

93.     Proof by clear and convincing evidence that any differences between Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent and the RETSINA System would have been obvious before the effective filing date of the claimed inventions to a person having ordinary skill in the art.

94.     Proof by clear and convincing evidence that any differences between Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent and the RETSINA System in view the CNET OAA System and/or the Martin Paper would have been obvious before the effective filing date of the claimed inventions to a person having ordinary skill in the art.

95.     Proof rebutting IPA's evidence regarding the amount of damages it is entitled to in the form of a reasonable royalty for any alleged infringement of Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent.

96.     Proof rebutting IPA's assertion that it is entitled to enhanced damages due to any alleged willful infringement of Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent pursuant to 35 U.S.C. §284.

97.     Proof rebutting the total amount of enhanced damages, if any, that IPA is entitled to for any willful infringement of Claims 29, 33, 38, 41, and 43 of the '115 Patent and Claims 50, 53 and 54 of the '560 Patent.

98.     Proof rebutting IPA's assertion that it is entitled to any pre-judgment and/or post-judgment interest.

99.     Proof rebutting IPA's assertion that the case is exceptional pursuant to 35 U.S.C. §285.

100.    Proof that Microsoft is entitled to a finding that the case is exceptional pursuant to 35 U.S.C. §285.

101.    Proof rebutting IPA's assertion that it is entitled to an award of its costs and attorneys' fees.

102.    Proof that Microsoft is entitled to an award of its costs and attorneys' fees.

103.    Proof rebutting IPA's assertion that it is entitled to an ongoing royalty or other damages or an accounting in relation to ongoing infringement.

## IX.    AMENDMENTS TO THE PLEADINGS

104.    Neither party intends to request an amendment to its pleadings at the present time.

## X.    CERTIFICATION OF GOOD FAITH EFFORTS AT SETTLEMENT

105.    The parties have engaged in good-faith efforts at settlement but have not yet agreed to settle the case.

## XI.    MOTIONS IN LIMINE

106.    Briefing in support of IPA's motions *in limine* is set forth in **Exhibits 13-15**. IPA moves to exclude (i) testimony, argument, or evidence regarding collateral estoppel stemming from prior PTAB proceedings (**Exhibit 13**), (ii) testimony, argument, or commentary regarding missing witnesses or witnesses not appearing in person (**Exhibit 14**), and (iii) testimony, argument, or evidence regarding post-damages period performance and discontinuance of Cortana (**Exhibit 15**).

107.    Briefing in support of Microsoft's motions *in limine* is set forth in **Exhibits 16-18**. Microsoft moves to preclude IPA and its expert from (i) contesting that certain portions of "the Martin Paper" are a prior art printed publication to the Asserted Patents (**Exhibit 16**), (ii) arguing (i) that a sufficient nexus exists between any alleged use of the asserted patent claims by Apple's Siri personal assistant and any secondary considerations of non-obviousness and (ii) that any

commercial success, profitability or popularity of Siri is a result of any use of the asserted patent claims by Siri (**Exhibit 17**), and (iii) providing testimony that conflicts with the actual deployment of the accused Legacy and Cortex Architectures (**Exhibit 18**).

108.    The parties have also stipulated to sixteen *in limine* issues, and agree not to offer any testimony, argument, or evidence concerning these issues, as set forth in **Exhibit 19**.

## XII.    OTHER MATTERS

### A.  Jury Trial

109.    The Parties have requested a jury trial.

### B.  Order of Presentation of Evidence

110.    Unless the Court specifies otherwise, the order of presentation of evidence will generally follow the burden of proof, as stated below:

- Opening Statements (IPA first, followed by Microsoft)
- IPA's presentation of evidence of issues for which IPA bears the burden of proof
- Microsoft's presentation of evidence rebutting IPA's presentation, and Microsoft's presentation of evidence on issues for which Microsoft bears the burden of proof
- IPA's presentation of evidence rebutting Microsoft's presentation of evidence on issues for which Microsoft bears the burden of proof
- Closing Arguments (IPA first, followed by Microsoft, followed by IPA's rebuttal)

### C.  Length of Trial

111.    This case is currently scheduled for a five-day jury trial beginning at 9:30 a.m. on May 6, 2024. Each trial day will begin at 9:30 a.m. and the jury will be excused at 5:00 p.m. The trial will be timed, as the Court will allocate to counsel for each party a specific number of hours in which to present their respective cases, including time for opening and closing statements, but not including time for voir dire. The parties request **13** hours per side for opening statements and presentation of evidence.

### D.  Number of Jurors

112.    There shall be eight jurors. The Court will conduct jury selection through the struck jury method.

### E.  Jury Procedures

113.    On the first day of trial, each member of the jury will be provided a binder containing the Asserted Patents, a list of the claim terms of the Asserted Patents that have been construed and their constructions, a list of acronyms and abbreviations likely to be used during trial with definitions on which the parties agree, and several blank sheets for notes. The parties agree to meet and confer on the preparation of the jury binder such that agreement is reached on its content by three calendar days before trial.

114.    The parties agree that the jurors be permitted to write notes by hand during the presentations of the parties and that jurors be permitted to bring these notes as well as the provided jury notebook into the deliberation room. The parties further propose that the jurors be instructed not to exchange or share their notes with each other (though they may discuss the contents of their notes) and that the jurors' binders and notes be collected by the clerk each evening after daily recess, and collected and destroyed without review after the jury's discharge.

115.    Upon the end of all parties' presentation of evidence, the parties will compile one (1) set of binders for the jury containing copies of all exhibits in evidence. This set of binders shall be distributed to the jurors before they commence deliberation and shall be collected from the jurors each night before they retire from deliberation.

### F.  Handling of Confidential Information at Trial

116.    The parties agree to follow the provisions in the Protective Order entered in this case (D.I. 62) regarding the confidentiality of exhibits used at trial. The Protective Order, insofar as it restricts the dissemination and use of "Protected Information," including documents marked

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" shall not apply to the introduction of evidence at trial. However, any non-disclosing party intending to use "Protected Information" at trial must provide notice of its intent to the designating party 24 hours in advance and any party or third party may seek appropriate court orders, including without limitation, an order which restricts the use of any material covered by the Protective Order during the trial, requests that portions of the transcript be sealed, or restricts access of the public to certain portions of the trial. The notice requirement does not apply to material to be used for impeachment, cross examination or rehabilitation. For the sake of clarity, the disclosure of trial exhibits pursuant to section VI.B, *supra*, satisfies the notice requirement set forth herein as between the parties.

117.    Trial exhibits marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be displayed on monitors visible to the Court, the jury, and the parties, but will not otherwise be displayed in the courtroom during trial. Only the parties' corporate representative and designated in house counsel may view another party's or third party's "Protected Information" trial exhibits when shown in the courtroom during trial, though no employee or representative of a party may possess or review the "Protected Information" trial exhibits of the opposing party or third party outside the courtroom.

118.    Persons entitled to have access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information under the Protective Order shall not be excluded from the courtroom and shall have the right to review any information presented by either party at trial, including, but not limited to, exhibits and trial transcripts.

119.    IPA contends that, notwithstanding the foregoing, Nicholas Wilson will be IPA's corporate representative and should be permitted to attend all trial proceedings at any time and review any Protected Information to prepare for trial.

120.    Microsoft contends that, notwithstanding the foregoing, Victoria Taranov will be Microsoft's corporate representative and both she and Microsoft in-house counsel Rob Lytle should be permitted to attend all trial proceedings at any time and review any Protected Information to prepare for trial.

### G.  Sequestration of Witnesses

121.    Pursuant to Federal Rule of Evidence 615, the parties request that the Court prevent fact witnesses, other than witnesses who have already testified and been excused because they are not expected to be further called, from hearing the testimony of other witnesses in the courtroom. The parties further request that in accordance with provision (b) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representatives. The parties further request that expert witnesses disclosed under Federal Rule of Civil Procedure 26(a)(2)(B) not be excluded for either fact or expert testimony.

### H.  Set-up of Electronic and Computer Devices

122.    The parties request that the Court grant access to the Courtroom on Friday, May 3, 2024, the business day before trial begins, to allow them to set up electronic and computer devices to be used during the trial. To the extent that both sides will be sharing common equipment in the Courtroom, each side will share the cost of that equipment.

### I.  Federal Judicial Center Introduction to the Patent System Video

123.    The parties agree that the current version of the Federal Judicial Center Introduction to the Patent System video (2013 revision) will be played as part of the Court's preliminary jury instructions.

### J.   Voir Dire, Jury Instructions, Verdict Form

124.    The parties are separately submitting to the Court proposed voir dire, jury instructions, and verdict forms.

### K.  Order to Control the Course of Action

125.    This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

126.    Subject to the approval of the Court, the parties reserve the right to seek leave to supplement or amend this final pretrial order based on subsequent events or by agreement.

Dated: April 22, 2024

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff*
*IPA Technologies Inc.*


*Of Counsel:*

Paul J. Skiermont
Jaime K. Olin
Steven W. Hartsell
Kevin P. Potere
Todd A. Martin
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
pskiermont@skiermontderby.com
jolin@skiermontderby.com
shartsell@skiermontderby.com
kpotere@skiermontderby.com
tmartin@skiermontderby.com

Mieke K. Malmberg
SKIERMONT DERBY LLP
633 West 5th Street, Suite 5800
Los Angeles, CA 90071
(213) 788-4500
mmalmberg@skiermontderby.com

Respectfully Submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith*
Rodger D. Smith (#3778)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
rsmith@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendant*
*Microsoft Corporation*


*Of Counsel:*

Nathaniel C. Love
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
nlove@sidley.com

Joseph A. Micallef
Matthew Mahoney
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
jmicallef@sidley.com
mmahoney@sidley.com

Michael J. Bettinger
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
(415) 772-1200
mbettinger@sidley.com

Richard A. Cederoth
546 N. Euclid Ave.
Oak Park, IL 60302
(312) 925-5728
rick@cederothlaw.com

29

Scott M. Border
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036-3506
(202) 282-5054
sborder@winston.com