# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | C. A. No. 1:18-cv-00001-RGA-SRF <br><br> PUBLIC VERSION - FILED: 5/3/24 |

## IPA MOTION *IN LIMINE* #3:
## EXCLUDE TESTIMONY, ARGUMENT, OR EVIDENCE REGARDING POST-DAMAGES PERIOD PERFORMANCE AND DISCONTINUANCE OF CORTANA

Pursuant to FRE 403, IPA respectfully moves to preclude Microsoft from introducing evidence, argument, or testimony regarding Cortana's performance that post-dates the relevant damages period in this matter, including Microsoft's decision to discontinue Cortana. As set forth below, such evidence would have minimal probative value, risk causing unfair prejudice, and would lead to substantial danger of misleading and confusing the jury.

Both Microsoft and IPA's damages experts agree that the damages period begins on January 1, 2016 and ends on January 5, 2019, the date the Patents-in-Suit expired. (*See* D.I. 241-1 ("Becker Rpt."), ¶ 171; D.I. 265-1 ("Kennedy Rep.") ¶ 343). Nevertheless, Microsoft seeks to introduce evidence and testimony regarding Cortana's performance after January 5, 2019, with the clear purpose of showing that Cortana had little value to Microsoft since it was eventually discontinued and, therefore, the Patents-in-Suit should have little value as well.

For example, Microsoft's damages expert, Dr. Stephen Becker, claims in his report that "[b]y 2018, Microsoft was falling behind its competitors, Google Assistant and Alexa, in consumer-focused markets, and as a result, Microsoft refocused its efforts toward partnering with other platforms and other enterprise offerings." (*See* Becker Rpt. ¶ 57). Yet in order to support his claim, Dr. Becker relies on news articles that were published **after** the expiration of the Patents-in-Suit and that discuss forward-looking activities that would occur well outside the damages period.[1] (*See id.*, fn. 131 (citing *Microsoft shuts down Cortana on iOS and Android*, theverge.com (Apr. 1, 2021); *Microsoft is making Cortana better at holding conversations*, theverge.com (May 6. 2019); *Microsoft no longer sees Cortana as an Alexa or Google Assistant competitor*, theverge.com (Jan. 18, 2019)). Similarly, Dr. Becker discusses new business features

---

[1] IPA does not object to the use of evidence that is dated after January 5, 2019 but describes Cortana functionality, surveys, performance, etc. prior to that date.

1

for Cortana—which were not developed until May 2019—and new productivity features—which were not added until June 2020. (*See* Becker Rpt. ¶ 57, and fns. 132-133). Dr. Becker goes on to discuss changes to Cortana from February 2020 through March 2021, again well outside the damages period. (*See Id*. ¶ 58, and fns. 134-138). Finally, Dr. Becker discusses Microsoft's decision to discontinue Cortana in 2023, more than **four** years after the end of the relevant damages period. (*See Id*. ¶ 59, and fns. 139-141). Such information is entirely irrelevant to these proceedings because IPA does not seek damages for activity that occurred after the expiration of the Patents-in-Suit. Moreover, introducing such information would be highly prejudicial to IPA because Microsoft would seek to connect the eventual failure of Cortana to the Patents-in-Suit even though the patents had already expired. Using evidence and testimony that post-dates the damages period would likely be misleading and confusing for the jury, which may result in the jury decreasing the amount it would otherwise award IPA based on irrelevant, post-damages period actions taken by Microsoft.

Courts have previously granted similar requests to exclude evidence that post-dates the damages period based on irrelevance, likelihood of prejudice, and confusion amongst juries. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2018 WL 2010621, at *1 (N.D. Cal. Apr. 30, 2018) (excluding expert testimony related to documents that "post-date the relevant damages period by two to six years"); *see also Sony Music Ent. v. Cox Comms., Inc.*, 2019 WL 9088257, at *2 (E.D. Va. Nov. 19, 2019) (summary order in patent infringement case excluding testimony outside the damages period); *International Business Machines Corp. v. BGC Partners, Inc.*, No. 10 Civ. 128(PAC), 2013 WL 1775437, at *3 (S.D.N.Y. Apr. 25, 2013) (granted a motion *in limine* precluding evidence of damages outside the prescribed two-year period); *PSN Illinois, LLC v. Abbott Labs.*, 2012 WL 5381278, at *5 (N.D. Ill. Oct. 31, 2012) (excluding

evidence from outside the damages period because "the jury will likely be misled and confused when presented with evidence concerning a time period for which [plaintiff] cannot recover damages …").

The court's decision in *Apple Inc. v. Samsung Elecs. Co.* is directly on point. 2018 WL 2010621, at *1. There, Apple sued Samsung, alleging patent infringement related to Apple's iPhone products. *Id*. Samsung's expert sought to introduce "2017 articles that allege that Apple slows down iPhones released in 2014, two years after the damages period" in the matter. *Id*. Samsung's expert also referenced "Apple iPhone models and advertisements that post-date the relevant damages period by two to six years." Apple filed a motion *in limine* seeking to exclude those categories of evidence that Apple alleges post-date the damages period…." The court granted Apple's motion *in limine*, holding that:

> The Court finds that these categories of evidence are not relevant to the retrial, which is limited to sales between 2010 and 2012. Even if this evidence were somehow relevant, such relevance would be substantially outweighed by the risk of confusing the issues, misleading the jury, wasting time, and unfair prejudice to Apple. Fed. R. Evid. 403. Accordingly, Apple's motion is GRANTED insofar as Apple seeks to exclude references to iPhone models that post-date the damages period, marketing that post-dates the damages period, and news articles that post-date the damages period that allege that Apple slows down iPhones to conserve battery life.

*Id*. Here, Microsoft similarly seeks to introduce evidence that post-dates the damages period by as much as four-and-a-half years and is entirely irrelevant to these proceedings. Microsoft should not be permitted to present evidence regarding post-expiration activity to avoid pre-expiration damages. Such evidence is thus irrelevant, unduly prejudicial, likely to lead to jury confusion and should be precluded under FRE 403.

3

Dated: April 10, 2024

*Of Counsel*:

Paul J. Skiermont
Jaime K. Olin
Steven W. Hartsell
Kevin P. Potere
Todd A. Martin
S KIERMONT D ERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
pskiermont@skiermontderby.com
jolin@skiermontderby.com
shartsell@skiermontderby.com
kpotere@skiermontderby.com
tmartin@skiermontderby.com

Mieke K. Malmberg
S KIERMONT D ERBY LLP
633 West 5th Street, Suite 5800
Los Angeles, CA 90071
(213) 788-4500
mmalmberg@skiermontderby.com

Respectfully submitted,

**BAYARD, P.A.**

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff,*
*IPA Technologies Inc.*

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | C.A. No. 18-01 (RGA) (SRF) |

**MICROSOFT CORPORATION'S RESPONSE TO IPA'S MOTION *IN LIMINE* NO. 3**

IPA's motion to preclude the introduction of evidence and argument regarding technical and commercial developments of Cortana occurring after January 5, 2019 should be denied.[1] To the extent Microsoft relies upon such evidence, it is relevant while posing minimal risk of confusing or misleading the jury.

At the outset, IPA wrongly assumes that the parties agree that any hypothetical negotiation would have occurred just prior to January 2016. As discussed with the Court, D.I. 305 (H'rg Tr.) at 49:3-20 (Mar. 19, 2024), Microsoft does not concede that date but rather has proffered expert analysis in response to IPA's assertion. However, as demonstrated in Microsoft's MIL No. 3, the record evidence on the introduction of the accused server software puts that date at the earliest in 2017. Regardless of the specific hypothetical negotiation date, evidence of the continued evolution of the Cortana experience, including further amendments to Cortana server software, directly rebuts IPA's contentions that the accused operations affect consumer demand.

Cutting off evidence of how Cortana server software operates at the expiration of the asserted patents would mislead the jury as to the significance of the accused server software functionality to Cortana. For example, if a party benefited economically from infringing a patent, one would expect that party to continue that conduct once the relevant patent expired. The fact that Microsoft discontinued the accused server software features is relevant because it refutes IPA's allegations of the economic benefit of the patented technology and its associated damages claims.

---

[1] IPA states that "[b]oth Microsoft and IPA's damages experts agree that the damages period begins on January 1, 2016 and ends on January 5, 2019 . . . ." IPA Motion *in Limine* No. 3. Microsoft restates its position that the damages period should not begin on January 1, 2016. *See* Microsoft Motion *in Limine* No. 3*; see also* D.I. 240 at fn. 3.

Moreover, IPA concedes the relevance of the post-expiration operation of Cortana, by introducing it through Dr. Reed-Arthurs' direct reference to Cortana as a point of relevance among digital voice assistants in her 2023 survey. *See generally* D.I. 264, Ex. 1. Although Microsoft submits that this survey was flawed from the outset, it demonstrates that IPA believes that the post-patent expiration Cortana experience is relevant to the issues at trial.

IPA also objects to Dr. Becker's reliance on articles published after January 5, 2019, but these provide market summations of Cortana's performance, popularity, and various developments that **had occurred** before the expiration of the Asserted Patents, and accordingly are relevant to a damages analysis even under IPA's erroneous view that evidence should be cut off after that date.[2] These articles can inform and guide the jury as to Cortana's reception and success **during** the alleged damages period, to which IPA does not object. *See* IPA Motion *in Limine* No. 3 at n.1.

Even to the extent the articles (and related testimony) additionally describe Cortana **after** January 5, 2019, such evidence is still relevant here. Experts may reasonably rely on broad and differing types of information in forming their opinions. *See* Fed. R. Evid. 703. The recognized "flexibility" in damage expert methodologies can allow juries "to look to events and facts that occurred [after alleged infringement began] and that could not have been known to or predicted

---

[2] *See e.g.,* Ex. A, *Microsoft Shuts Down Cortana on iOS and Android* (stating that Cortana "was originally designed to connect Windows 10 PCs and mobile phones [in 2015], but **failed** to gain traction despite a big redesign [in 2018]. Microsoft CEO Satya Nadella recognized the company's difficulties in competing with other digital assistants *a couple of years ago* . . . ."); *see also* Ex. B, *Microsoft is Making Cortana Better at Holding Conversations* (stating "Microsoft's digital assistant, Cortana, fell behind Google Assistant and Alexa *in 2018*. The software giant **has been** slowly repositioning Cortana as a skill . . . ." and stating that "Microsoft moved Cortana out of its AI research division and into its Experiences and Devices team late *last year*."). The other articles relied upon by Dr. Becker contain similar descriptions of Cortana's success, development, and reception **within IPA's alleged damages period**.

2

by the hypothesized negotiators." *Amgen Inc. v. Hospira, Inc.*, 336 F. Supp. 3d 333, 351 (D. Del. 2018) (quoting *Fromson v. W. Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988)). And where an expert's testimony is based on valid and properly applied methodology, "the jury must [] be allowed to play its essential role as the arbiter of the weight and credibility of the expert testimony." *M2M Sols. LLC v. Enfora, Inc.*, 167 F. Supp. 3d 665, 682 (D. Del. 2016) (quoting *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014)).

Here, Microsoft's deprecation and decommissioning of Cortana shortly after January 5, 2019, reflects the commercial value of the accused operations overall, including during the period of alleged infringement. Dr. Becker links all post-January 5, 2019 evidence to his damages analysis.[3]

IPA's reliance on *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2018 WL 2010621 (N.D. Cal. Apr. 30, 2018), a design patent case, is misplaced. There, the court excluded post-damages period articles about Apple's alleged practices related to phone speed and battery life because they were not relevant to the alleged infringement of the design patents at issue. *See id.* Indeed, the court *did* allow other relevant evidence that originated outside of the prescribed damages period, as the Court should do here. *Id.* at *2.

---

[3] *See e.g.*, D.I. 241-1, Ex. A at ¶¶ 251-256 (analyzing a reasonable royalty ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; *see also id.* at ¶¶ 191-193, 222.

Dated: April 16, 2024

Of Counsel:

Joseph A. Micallef (#3161)
Matthew Mahoney
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
jmicallef@sidley.com
mmahoney@sidley.com

Nathaniel C. Love
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
nlove@sidley.com

Mike Bettinger
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
(415) 772-1200
mbettinger@sidley.com

Richard A. Cederoth
546 N. Euclid Ave.
Oak Park, IL 60302
(312) 925-5728
rick@cederothlaw.com

Scott Border
WINSTON & STRAWN LLP
1901 L St. NW
Washington, DC 20036
(202) 282-5054
sborder@winston.com

Respectfully submitted,

*/s/      Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com

*Counsel for Defendant Microsoft Corporation*

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | C. A. No. 1:18-cv-00001-RGA-SRF |

**IPA TECHNOLOGIES INC.'S REPLY IN SUPPORT OF MOTION *IN LIMINE* #3:
EXCLUDE TESTIMONY, ARGUMENT, OR EVIDENCE REGARDING POST-
DAMAGES PERIOD PERFORMANCE AND DISCONTINUANCE OF CORTANA**

Microsoft claims that its decision to decommission Cortana occurred "shortly after January 5, 2019," and therefore should be admitted.[1] (Opp., 3). But the evidence that Microsoft relies on demonstrates that the decision to decommission Cortana did not occur until over **four years** after the expiration of the Patents-in-Suit on January 5, 2019. *See* Exs. 1 (*Microsoft shuts down Cortana App on Windows 11*, dated Aug. 11, 2023) and 2 (*Cortana, once a flagship feature of Windows phones, is slowly being shut down*, dated Aug. 4, 2023). Yet events occurring years after the expiration of the patents are irrelevant as most products are eventually discontinued. Microsoft offers no evidence connecting the decision to end Cortana four years after the damages period to events that occurred during the damages period.[2] In fact, Cortana was not disabled until Windows 11 was released, a version of Windows that is not even at issue in this litigation. *See* Ex. 1. It would be highly prejudicial to tell the jury that Cortana was ultimately decommissioned in an attempt to somehow show that the Patents-in-Suit lacked value.

Microsoft also claims that Dr. Reed-Arthurs somehow made the deactivation of Cortana relevant because she referenced Cortana in her survey. Yet Dr. Reed-Arthurs conducted her survey in July 2023, **before** Cortana was decommissioned. (D.I. 264, Ex. 1 at ¶104). Microsoft also alleges that some of the articles are intended to prove facts that existed prior to January 5, 2019. (Opp., 2). But IPA stated that it was not attempting to exclude such usage. *See* Opening Br. at 1, fn. 1. Finally, Microsoft fails to address the majority of the cases IPA relies on.[3]

---

[1] Microsoft focuses on when the damages period **begins** in this matter, but that determination that is irrelevant to IPA's motion. Regardless, Dr. Becker's report speaks for itself on this issue. *See* D.I. 241-1, ¶171 ("The term ███████████████████████████████████████ would begin on January 1, 2016 (the date that IPA's experts contend Microsoft's infringement began) and extend through January 5, 2019 (when both the Patents-in-Suit expired).").

[2] Tellingly, Microsoft fails to cite a single case that stands for the proposition that events that occurred well outside the damages period should be admitted into evidence at trial. (Opp., 3).

[3] Microsoft fails to distinguish the holding in *Apple Inc. v. Samsung Elecs. Co.*, 2018 WL 2010621, at *1 (N.D. Cal. Apr. 30, 2018). While the court in *Apple Inc.* let in some documents

Dated: April 19, 2024

*Of Counsel*:

Paul J. Skiermont
Jaime K. Olin
Steven W. Hartsell
Kevin P. Potere
Todd A. Martin
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
pskiermont@skiermontderby.com
jolin@skiermontderby.com
shartsell@skiermontderby.com
kpotere@skiermontderby.com
tmartin@skiermontderby.com

Mieke K. Malmberg
SKIERMONT DERBY LLP
633 West 5th Street, Suite 5800
Los Angeles, CA 90071
(213) 788-4500
mmalmberg@skiermontderby.com

Respectfully submitted,

**BAYARD, P.A.**

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff,
IPA Technologies Inc.*

---

that post-dated the damages, it only did so because the documents contained information "relate[d] to the relevant time period. . ." *Id*. at *2.